# EXHIBIT 2

3/12/20, 4:16 PM To: +1 713-450-6773 From: +1 210-960-3939 Page 22/35

Case 4:20-cv-01552 Document 1-2 Filed on 05/01/20 in TXSD Page 2 of 15

3/11/2020 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41589734
By: Courtni Gilbert
Filed: 3/6/2020 2:43 PM

CAUSE NO. __202016545__

| | | |
|---|---|---|
| WILLIAM JOYCE;<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § | HARRIS COUNTY, T E X A S |
| ARKEMA, INC. AND GREAT WESTERN VALVE, INC.<br>*Defendants.* | § § § | __127__ TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff WILLIAM JOYCE complaining of ARKEMA, INC. and GREAT WESTERN VALVE, INC., hereinafter called Defendant, and for cause of actions would show this honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.1 The Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because the Plaintiffs seek monetary relief over $200,000.00.

### II.
### VENUE

2.1 Venue is proper in Harris County, Texas as the events made the basis of this litigation took place in Houston, Harris County, Texas. See

Tex.Civ. Prac. & Rem. Code Section 15.001. The Court has jurisdiction over this matter and these parties since the amount in controversy exceeds the minimum jurisdictional limits of this court and this matter does not involve the interpretation of a Federal question.

## III.
## PARTIES AND SERVICE

3.1   The Plaintiff, WILLIAM JOYCE, is a citizen and resident of Houston, Harris County, Texas. Plaintiff is bringing claims for personal injury arising out of the incident made the basis of this lawsuit.

3.2   Defendant ARKEMA, INC., is a Foreign-For Profit Corporation which has designated the following as its Registered Agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.3   Defendant GREAT WESTERN VALVE, INC. is a company duly incorporated under the laws of the State of Texas. GREAT WESTERN VALVE, INC. has designated the following as the registered agent for service: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

## IV.
## JURISDICTION

4.1   Jurisdiction is appropriate in this Court because this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the

District Courts of the State of Texas, and this Court has personal jurisdiction over the Defendant. The Plaintiff seek damages in excess of the minimum jurisdictional limits of the Court and of the $75,000.00 jurisdictional limits of the Federal Courts. Jurisdiction would not be proper in Federal Court as there is not diversity of citizenship between the Plaintiff and the Defendants in this case. Moreover, the Plaintiff is not asserting any claims or causes of action based on federal statutes, treaties or laws. The Plaintiffs brings this case pursuant to Article XVI, Section 26 of the Texas Constitution, Chapter 41 of the Texas Civil Practice and Remedies Code, as well as Section 408.001(b) of the Texas Labor Code.

## V.
## FACTS

5.1 On October 23, 2019, WILLIAM JOYCE was employed as a contract employee of Victory Transportation. The Plaintiff was dispatched to the Defendant ARKEMA, INC. to pick up certain valves/canisters. When the Plaintiff arrived, the valves/canisters were moved and loaded by employees and/or representatives of ARKEMA, INC. The valves were placed inside the cab of the Plaintiff's vehicle where he was told they need to be located during the transport. The Plaintiff noticed that the valves gave off powerful fumes. The fumes would have been apparent to employees and/or representatives of ARKEMA, INC. when they placed them in Mr. Joyce's cab.

5.2 The Plaintiff hauled the valves to GREAT WESTERN VALVE, which, upon information and belief, had ordered the transport of the valves. GREAT WESTERN VALVE INC. unloaded the valves after the delivery. The fumes were apparent to the employees and/or agents of GREAT WESTERN VALVE, INC. The Plaintiff then returned to his employer where a co-worker informed him that the noxious fumes were likely caused by an exposure to Hydrogen Sulfide.

5.3 As a result of this exposure, Plaintiff has suffered serious, permanent and life-long injuries.

## VI.
## ALLEGATIONS AGAINST ARKEMA: NEGLIGENCE

6.1 The Plaintiff bring the claims against ARKEMA, INC based upon the negligence and gross negligence of the employees and/or agents who loaded the valves into the cab of the Plaintiff's vehicle and instructed they be place within the cab. The acts or omissions of ARKEMA, INC. constituted "negligence", "gross negligence" or "gross neglect" under Texas law, and that this gross negligence or gross neglect was a proximate cause of the injuries sustained by the Plaintiff. The Plaintiff would show that the conduct of ARKEMA, INC. was such that when viewed objectively, from the standpoint of the employees and supervisors of ARKEMA, INC. at the time of this occurrence, involved an extremely high degree of risk, considering the magnitude of the potential of harm to others, and of which

ARKEMA, INC. had actual subjective awareness of the risk involved, but nevertheless proceeded with indifference to the rights, safety, and welfare of others. Each of the following acts of negligence committed by ARKEMA, INC. rose to the level of gross negligence and gross neglect, which were the proximate cause of the Plaintiff's injuries:

 a. Failure to have proper workplace safety equipment for WILLIAM JOYCE and those similarly situated and to provide a safe workplace;

 b. Failure to provide and enforce proper workplace safety standards and practices for WILLIAM JOYCE and those similarly situated;

 c. Failure to provide proper workplace supervision for WILLIAM JOYCE, at the time of the incident in question, and others similarly situated;

 d. Failing to comply with OSHA worker safety provisions 29 CFR 1926.20 (a) - General Safety and Health Provisions, as follows:

  i. Contractor requirements.

   1. Section 107 of the Act requires that it shall be a condition of each contract which is entered into under legislation subject to Reorganization Plan Number 14 of 1950 (64 Stat. 1267), as defined in ß 1926.12, and is

        for construction, alteration, and/or repair, including painting and decorating, that no contractor or subcontractor for any part of the contract work shall require any laborer or mechanic employed in the performance of the contract to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety.

e. Failure to clean the valves prior to transport;

f. Failure to purge the valves prior to transport;

g. Failure to place the valves in a proper container to mitigate the noxious fumes from the presence of Hydrogen Sulfide;

h. Failure to secure the valves on the flatbed of the Plaintiff's vehicle;

i. Failure to warn the Plaintiff of the contents and hazards of the valves;

j. Failure to provide the Plaintiff with the proper personal protective equipment to transfer the valves; and

k. Failure to train the employees and agents on the proper handling of valves and equipment which had been exposed to hydrogen sulfide.

## VII.
## GROSS NEGLIGENCE – ARKEMA, INC.

7.1 The above-described conduct of the Defendant, ARKEMA, INC. constitutes gross negligence which was a proximate cause of the injuries to WILLIAM JOYCE. Each of the acts or omission of the Defendant was more than momentary thoughtlessness, inadvertence, or errors of judgment. Such acts or omissions constituted such an entire want of care as to establish that the act or omission was a result of actual conscious indifference to the rights, safety and welfare of the WILLIAM JOYCE, and constitutes gross negligence as defined by Chapter 41 of the Texas Civil Practice and Remedies Code. This conduct when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendant were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. Defendant's acts of omission and commission, collectively and severally constituted gross negligence that proximately caused the damages suffered by the Plaintiff, including the hydrogen sulfide exposure to WILLIAM JOYCE. The Plaintiff is entitled to recover judgment against the Defendant ARKEMA, INC. for exemplary damages.

## VIII.

## NEGLIGENCE OF GREAT WESTERN VALVE, INC.

8.1 The Plaintiff bring the claims against GREAT WESTERN VALVE, INC. based upon the negligence and gross negligence of the employees and/or agents who order the transport of the valves from the ARKEMA INC. plant to the GREAT WESTERN VALVE, INC. plant. The acts or omissions of GREAT WESTERN VALVE, INC. constituted "gross negligence" or "gross neglect" under Texas law, and that this gross negligence or gross neglect was a proximate cause of the injuries sustained by the Plaintiff. The Plaintiff would show that the conduct of GREAT WESTERN VALVE, INC. was such that when viewed objectively, from the standpoint of the employees and supervisors of GREAT WESTERN VALVE, INC. at the time of this occurrence, involved an extremely high degree of risk, considering the magnitude of the potential of harm to others, and of which GREAT WESTERN VALVE, INC. had actual subjective awareness of the risk involved, but nevertheless proceeded with indifference to the rights, safety, and welfare of others. Each of the following acts committed by GREAT WESTERN VALVE, INC. rose to the level of gross negligence and gross neglect, which were the approximate cause of the Plaintiff's injuries:

a. Failure to have proper workplace safety equipment for WILLIAM JOYCE and those similarly situated and to provide a safe workplace;

b. Failure to provide and enforce proper workplace safety standards and practices for WILLIAM JOYCE and those similarly situated;

c. Failure to provide proper workplace supervision for WILLIAM JOYCE, at the time of the incident in question, and others similarly situated;

d. Failure to order the cleaning of the valves prior to transport;

e. Failure to order the purge the valves prior to transport;

f. Failure to request that the valves be placed in a proper container to mitigate the noxious fumes from the presence of Hydrogen Sulfide;

g. Failure to warn the Plaintiff of the contents and hazards of the valves;

h. Failure to provide the Plaintiff with the proper personal protective equipment to transfer the valves; and

i. Failure to train the employees and agents on the proper handling of valves and equipment which had been exposed to hydrogen sulfide.

## IX.
## GROSS NEGLIGENCE OF GREAT WESTERN VALVE, INC.

9.1 The above-described conduct of the Defendant, GREAT WESTERN VALVE, INC. constitutes gross negligence which was a proximate cause of the injuries to WILLIAM JOYCE. Each of the acts or omission of the Defendant was more than momentary thoughtlessness, inadvertence, or errors of judgment. Such acts or omissions constituted such an entire want of care as to establish that the act or omission was a result of actual conscious indifference to the rights, safety and welfare of the WILLIAM JOYCE, and constitutes gross negligence as defined by Chapter 41 of the Texas Civil Practice and Remedies Code. This conduct when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendant were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. Defendant's acts of omission and commission, collectively and severally constituted gross negligence that proximately caused the damages suffered by the Plaintiff, including the hydrogen sulfide exposure to WILLIAM JOYCE. The Plaintiff is entitled to recover judgment against the Defendant GREAT WESTERN VALVE, INC. for exemplary damages.

# X.
# DAMAGES

10.1 The exposure of the Plaintiff to Hydrogen Sulfide gas caused permanent and catastrophic injury to his pulmonary system and his body generally. These damages were a direct and proximate result of Defendants' breaches of duty and/or the negligence of Defendants and their agents, employees, and servants. Accordingly, Plaintiff, as a direct and proximate result of the breach of duty and the negligence of Defendants, has incurred the following damages:

a. reasonable and necessary medical expenses in the past;

b. reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

c. physical pain suffered in the past;

d. physical pain which, in all reasonable probability, will be suffered in the future;

e. mental anguish suffered in the past;

f. mental anguish which, in all reasonable probability, will be suffered in the future;

g. physical impairment in the past;

h. physical impairment which, in all reasonable probability, will be suffered in the future;

i. loss of earning capacity sustained in the past; and

j.  loss of earning capacity which, in all reasonable probability, will be sustained in the future.

Plaintiff seeks damages within the jurisdictional limits of this Court.

## XI.
## RULE 47(b) NOTICE

11.1 As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, for actual and punitive damages over $1,000,000.00. The amount of monetary relief awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process of Rule 169 of the Texas Rules of Civil Procedure.

## XII.
## REQUEST FOR DISCLOSURE

12.1 Pursuant to Tex. R. of Civ. P. 194.2, Plaintiff hereby requests all Defendants respond to subsections (a) – (l) within 50 days of service of this pleading.

## XIII.
## RULE 193.7 NOTICE

13.1 Pursuant to Texas Rule of Civil Procedure 193.7, the Plaintiff provide notice to the Defendant that any and all documents and things produced by these Defendant may be use at any pretrial proceeding and/or the trial of this cause without the necessity of authenticating said documents or things.

## XIV.
## JURY DEMAND

14.1 The Plaintiffs hereby request a trial by jury for which the appropriate fee has been submitted to the clerk of this honorable court.

14.2 WHEREFORE, PREMISES CONSIDERED, the Plaintiff pray that upon trial or hearing of this cause, that judgment be rendered against these Defendant; that the judgment bear interest as allowed by law; for pre-judgment and post-judgment interest; costs of court, and for such other and further relief, at law and in equity, to which the Court or Jury believes the Plaintiff is justly entitled.

Dated this the 6th day of March 2020.

Respectfully submitted,

**HILL LAW FIRM**

By: _____

**Justin A. Hill**
State Bar No. 24057902
HILL LAW FIRM
445 Recoleta Road
San Antonio, Texas 78216
Phone: (210) 960-3939
Fax: (844) 404-4455
Email: justin@jahlawfirm.com

**DESIGNATED EMAIL FOR SERVICE:**
service@jahlawfirm.com

**ATTORNEYS FOR PLAINTIFF**